IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 4, 2020

**RONALD HUDSON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
No. 14-00909      Lee V. Coffee, Judge

_____

**No. W2019-00385-CCA-R3-PC**

_____

The pro se Petitioner, Ronald Hudson, appeals the summary dismissal of his petition for post-conviction relief as time-barred, arguing that he should be afforded counsel and an evidentiary hearing because his petition was timely. The State agrees there is some evidence that the petition was timely but notes that the Petitioner's notice of appeal was clearly untimely. Because the notice of appeal is untimely and we find nothing that warrants the waiver of the timely notice of appeal requirement, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and CAMILLE R. MCMULLEN, J. joined.

Ronald Hudson, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Clark B. Thornton, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On February 20, 2014, the Shelby County Grand Jury returned an indictment in case number 14-00909 charging the Petitioner and two co-defendants, Kendrick Watson and Mia Williams, with especially aggravated robbery, especially aggravated kidnapping, aggravated assault, and conspiracy to commit a felony. The fourth count of the indictment specifically charged that the Petitioner and his codefendants "did agree and

conspire to unlawfully confine [the victim] and cause serious bodily injury thereto, as defined in T.C.A. 39-13-305" and that "[i]n furtherance thereof, the [Defendant] and MIA WILLIAMS did confine and beat [the victim] and in so doing receive directions from KENDRICK WATSON via telephone, in violation of T.C.A. 39-12-103, against the peace and dignity of the State of Tennessee."

On November 27, 2017, the Petitioner pled guilty in the Shelby County Criminal Court to aggravated assault in the above case along with attempted possession of contraband in a penal institution and possession of marijuana in two other cases. In accordance with the terms of his plea agreement, he received a hybrid sentence of fifteen years at thirty percent for the aggravated assault conviction, which was to be served consecutively to two years at thirty percent for the attempted possession of contraband conviction and concurrently to an eleven month, twenty-nine day sentence for the possession of marijuana conviction, for an effective sentence of seventeen years in the Department of Correction at thirty percent release eligibility.

On January 16, 2019, the Petitioner filed a pro se petition for post-conviction relief in case number 14-00909, the case that had resulted in his guilty plea conviction for aggravated assault. The Petitioner alleged that he received ineffective assistance of counsel due to counsel's failure to independently investigate, object, or "put up an adversary challenge" to a second wiretapping warrant issued by the trial court. The Petitioner additionally alleged that by signing the second wiretapping warrant, the trial court "truly demonstrated bias in a court of law."

On January 22, 2019, the post-conviction court entered an order summarily dismissing the petition on the basis that it was untimely and the Petitioner failed to show any reason that the one-year statute of limitations should be tolled. On February 27, 2019, the Petitioner filed an untimely notice of appeal.

## ANALYSIS

The Petitioner argues on appeal that the post-conviction court erred by finding that the petition was untimely. According to the Petitioner, he filed his original petition for post-conviction relief on October 12, 2018, as evidenced by a file date stamp on the face of the petition. The Petitioner claims that he resubmitted his petition, which was subsequently filed on January 16, 2019, after learning from the court clerk that his original petition had never been received by the clerk's office. According to the Petitioner, because he mailed his original petition within the one-year statute of limitations, his resubmitted petition should be considered as a timely filed amended petition for post-conviction relief.

- 2 -

The State responds by noting that there is a faded, file date stamp of October 12, 2018, which is missing the signature of the court clerk, on the face of the petition, along with a second, clearly legible and signed "Filed" date stamp of January 16, 2019. The State, thus, concedes that there might be some evidence of the petition's having been timely filed. The State also notes, however, that the Petitioner's notice of appeal was filed six days late and questions whether the Petitioner has shown any reason that the timely notice of appeal requirement should be waived.

A notice of appeal is not jurisdictional, and the requirement for a timely notice of appeal may be waived in the interest of justice. Tenn. R. App. P. 4(a). "In determining whether waiver is appropriate, this [c]ourt will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." State v. Markettus L. Broyld, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005).

We agree with the State that there is nothing in the record to show that the interest of justice requires that we waive the timely notice of appeal requirement in this case. Accordingly, we dismiss the appeal.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we dismiss the appeal.

_____
ALAN E. GLENN, JUDGE